IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. CARTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13 C 9176 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, CONNIE WEISS, | ) |
| and TASHA BARNES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

William Carter, Jr. filed a *pro se* lawsuit against the Illinois Department of Human Services (IDHS) and two of its employees, Connie Weiss and Tasha Barnes, alleging that they improperly denied him benefits under the Temporary Assistance for Needy Families (TANF) program in violation of his constitutional rights. The Court recruited counsel to represent Carter but later allowed counsel to withdraw. Weiss and Barnes have moved for summary judgment on the grounds that they were not personally responsible for denying Carter's request for benefits and the denial did not violate his constitutional rights. For the reasons stated below, the Court grants the motion and also dismisses Carter's remaining claim against IDHS.

### Background

Because Weiss and Barnes have moved for summary judgment, disputed facts must be taken in the light most favorable to Carter. Carter has not, however, submitted

either a statement of facts or any evidence in support of his response to this motion. The following summary is therefore taken from Carter's amended complaint and response to the present motion, as well as the statement of facts submitted by Weiss and Barnes. The Court notes any factual disputes between the parties.

Carter is a resident of Illinois who, during the time relevant to this suit, lived in a shelter. On September 4, 2013, Carter visited a family community resource center in Chicago to apply for TANF benefits on behalf of himself and his two children. According to Carter, he met with Weiss, a caseworker, and submitted a TANF application. Although Carter says he completed his application, he also alleges that Weiss failed to provide him with a second party acknowledgment form and contends that this form is a prerequisite to receiving TANF benefits. In his amended complaint, Carter asserts that Weiss then denied his TANF application. In his response to the motion for summary judgment, he states that Weiss could not have submitted his application because of her failure to provide all of the paperwork.

Following this encounter, Carter returned to the center multiple times over the following weeks per Weiss's instructions to discuss the status of his application. Carter states that he again applied for TANF benefits on September 25, 2013. According to Weiss and Barnes, Carter returned on September 25 to complete his original application, not to re-apply. On this day, Carter met with Barnes, who Carter alleges also failed to provide him with the necessary paperwork. The parties agree that Barnes then referred Carter to Rochelle Colston, the human service caseworker manager. Colston made an appointment for Carter to return to the center to attend a required TANF orientation on October 3.

Carter returned to the center on October 3, 2013 for his scheduled orientation. He alleges, however, that at the beginning of the orientation, Colston indicated that it was intended only for pregnant women and parents with children under the age of one. Because Carter does not belong to either of these categories, he left before the orientation ended.

According to Colston, she began the orientation by explaining the expectations, policies and procedures, and benefits of the TANF program. She then instructed the applicants that they had to complete the entire orientation, at the end of which they would all sign responsibility and service plans (RSPs). TANF applicants are required to sign an RSP in order to receive benefits. Because Carter left the orientation before it was over, he did not sign an RSP. After the orientation ended, Colston instructed a different caseworker not named in this suit to deny his application.

Carter filed suit against IDHS, Weiss, and Barnes, alleging that by denying his application for TANF benefits, they deprived him of a constitutional right in violation of 42 U.S.C. § 1983. IDHS moved for judgment on the pleadings on the ground that it is immune under the Eleventh Amendment from Carter's claim for damages. In July 2015, the Court granted the motion and dismissed Carter's claims against IDHS. In June 2016, Carter filed an amended complaint naming the same three defendants and requesting a declaratory judgment, compensatory and punitive damages, and attorneys' fees and costs.

## Discussion

Weiss and Barnes have moved for summary judgment. They contend that Carter has failed to present evidence that they were personally involved in denying his

application for TANF benefits. They also argue that, even if they were personally involved, Carter cannot show that this denial was a deprivation of a constitutional right.

When considering a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party and makes all reasonable inferences in his favor. *Wilson v. Warren Cty.*, 830 F.3d 464, 468 (7th Cir. 2016). Where the movant has supported his motion with evidence, the non-moving party must come forward with evidence of his own; argument alone is insufficient. *Beatty v. Olin Corp.*, 693 F.3d 750, 754 (7th Cir. 2012). Summary judgment is appropriate where the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Hussey v. Milwaukee Cty.*, 740 F.3d 1139, 1142 (7th Cir. 2014).

**A.    Personal involvement**

Weiss and Barnes argue that they were not personally involved in the denial of Carter's application and therefore they cannot be held liable for a claim under 42 U.S.C. § 1983 based on this denial. Carter appears to argue that they were involved in two ways. First, he asserts that both Weiss and Barnes were the IDHS employees who actually denied his request for benefits. *See* Am. Compl. ¶ 12 ("At all times relevant, Defendants wrongfully denied Carter TANF cash benefits."). He also contends that Weiss and Barnes interfered with his ability to apply for benefits by failing to provide him with required paperwork. *See* Pl.'s Mot. of Resp. at 2.

A plaintiff is entitled to bring a claim under section 1983 only "against those individuals personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). An individual is personally

4

responsible for a violation only if the violation "occurs at his direction or with his knowledge and consent." *Wilson*, 830 F.3d at 469.

Carter has not provided evidence from which a reasonable jury could conclude that Weiss and Barnes were personally responsible for the denial of his application. Colston states in her affidavit that she alone made the decision to deny Carter's application after he failed to complete the required orientation. Defs.' Statement of Uncontested Facts (SUF), Ex. 5 (Colston Aff.) ¶ 8. She further states that neither Weiss nor Barnes played any role in this decision. *Id.* ¶¶ 11–12. Weiss states in her response to Carter's interrogatories not only that she did not deny his TANF application, but that she spoke to Carter only about the Supplemental Nutrition Assistance Program (SNAP) and not about TANF. *Id.*, Ex. 3 (Weiss Resp. to Interrogs.) ¶¶ 1, 4. In Barnes's response to interrogatories, she indicates that her only involvement with Carter's TANF application was to refer him to Colston for orientation. *Id.*, Ex. 4 (Barnes Resp. to Interrogs.) ¶ 2. All of these statements are supported by Carter's case file. The record of Weiss's conversation does not mention any discussion of TANF benefits. *Id.*, Ex. 6 (Carter Case File) at DHS 56. The record of Barnes's conversation indicates that Carter made an appointment to attend orientation and that his case "will remain pending." *Id.* at DHS 53. The record later indicates that Colston told a caseworker that Carter left the orientation and that his application should proceed as one for medical and SNAP benefits only. *Id.* Carter does not offer any evidence at all that either Weiss or Barnes participated in the decision to deny his application. Therefore a genuine dispute does not exist regarding whether Weiss and Barnes were personally involved in denying the application; they were not.

5

Carter also contends that Weiss and Barnes did not provide him with paperwork necessary for completing his TANF application. Carter states in his response to the motion for summary judgment that neither of them gave him the second party acknowledgment sheet that he was required to fill out prior to creating an RSP. Pl.'s Mot. of Resp. at 2. But Carter has failed to provide any admissible evidence in support of this contention. He has not offered an explanation of what this form is, and defendants do not seem to be aware of it. More importantly, Carter does not point to any statute or regulation supporting his claim that applicants must fill out this form in order to complete an RSP and receive TANF benefits. To the extent that Carter makes such an argument, it is undermined by the fact that Colston permitted him to proceed to TANF orientation without this form. Thus Carter has failed to provide evidence from which a reasonable jury could conclude either that Weiss and Barnes failed to provide this form or, even if they did, that this failure led to a deprivation of TANF benefits.

Because Carter has failed to present evidence giving rise to a genuine dispute regarding whether Weiss and Barnes were personally involved in the alleged violation, Weiss and Barnes are entitled to entry of summary judgment in their favor.

**B.    Constitutional right**

Weiss and Barnes also argue that, even if they were personally involved in the denial of Carter's request for TANF benefits, this denial does not constitute a deprivation of a constitutional right. The Court agrees.

Carter's claim appears to be that he was denied a property interest (TANF benefits) without due process of law. In order to bring such a claim, Carter first must show that he has a property interest in the benefits. Property interests are created and

6

defined, not by the Constitution, but by independent sources such as state law. *Deen v. Darosa*, 414 F.3d 731, 734 (7th Cir. 2005). "[A] property interest is not legally cognizable unless a person has a legitimate claim of entitlement to the benefit" under state law. *Id* (internal quotation marks omitted); *see also Schroeder v. City of Chicago*, 927 F.2d 957, 959 (7th Cir. 1991). Thus in order to claim a property interest in benefits under an entitlement program, a plaintiff must show that he is qualified to receive them. *See Rebirth Christian Acad. Daycare, Inc. v. Brizzi*, 835 F.3d 742, 747 (7th Cir. 2016) (citing *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970)). Therefore Carter has a property interest in TANF benefits only if he meets the program's eligibility requirements.

Carter has failed to provide evidence from which a reasonable jury could conclude that he met the eligibility requirements for TANF benefits. Illinois law requires applicants for TANF benefits to prepare, sign, and submit a personal RSP, with the assistance of IDHS staff. 89 Ill. Adm. Code 112.65(b). Colston has stated that Carter failed to complete the orientation and sign the RSP, and Carter does not dispute this fact. Therefore no reasonable jury could find that Carter met the eligibility requirements for TANF benefits.

In response, Carter argues that he left the orientation because Colston indicated at the beginning of the meeting that it was only for pregnant women and parents of children under one. But Colston states in her affidavit that, although the orientation on October 3 was geared towards those groups, it could also include other parents. Colston Aff. ¶ 6. And again Carter has not presented any admissible evidence that the orientation was exclusive to other groups or that he would not have been permitted to sign the necessary RSP if he had stayed for the entire meeting. Because there is no

7

genuine dispute regarding whether Carter had a legitimate property interest in TANF benefits, no reasonable jury could conclude that he has been deprived of a constitutional right. The Court notes that this same conclusion would apply even if Carter had named Colston as a defendant. Although Colston did have personal involvement in the denial of Carter's application, his failure to provide any evidence of a cognizable property interest would defeat a similar claim against her as well.

Finally, Carter alleges in his amended complaint that defendants deprived him of the opportunity to appeal the denial of his TANF application. Am. Compl. ¶ 14. Carter's response to defendants' summary judgment motion makes no mention of this argument, so he has forfeited the point. Further, Carter does not present any evidence that he attempted to use IDHS's established system for filing an appeal or that defendants obstructed an attempt to do so.

Carter has failed to present evidence from which a reasonable jury could conclude that defendants deprived him of a constitutional right. The Court therefore grants defendants' motion for summary judgment.

**C.     Claim against IDHS**

As discussed earlier, Carter named IDHS as a defendant in his original complaint requesting damages. In July 2015, the Court granted IDHS's motion for judgment on the pleadings on the ground that IDHS is entitled to immunity under the Eleventh Amendment from suits for damages. Carter then filed his amended complaint in June 2016, again naming IDHS as a defendant and this time requesting both damages and declaratory relief. IDHS has not filed its own motion for summary judgment, presumably because it believes it has been dismissed from this case. To the extent that Carter is

attempting to revive a claim for damages against IDHS, this effort is barred by the Court's earlier ruling dismissing that claim. Although the Eleventh Amendment does not prevent Carter's request for declaratory relief against IDHS, Carter has failed to pursue this request since the filing of his amended complaint. And in any event, the relief sought was a request to process the same application already addressed. The Court therefore dismisses the claim against IDHS. The Court notes that nothing in this decision is intended to preclude Carter from again applying for TANF benefits assuming he is eligible to do so.

## Conclusion

For the foregoing reasons, the Court grants the motion by Weiss and Barnes for summary judgment [dkt. no. 97] and dismisses the declaratory relief claim against IDHS. The Clerk is directed to enter judgment in favor of defendants and against plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 5, 2017